IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOMENEQUE D. TAYLOR**                                                                            **PLAINTIFF**

v.                                    Case No. 4:21-cv-00934-JM

**BRIAN L. HOHERTZ, MD,**
Emergency Care Physician;  DOE,
Emergency Room #8 Trauma Nurse;
UNIVERSITY OF ARKANSAS MEDICAL
SCIENCES, UAMS                                                                                     **DEFENDANTS**

## ORDER

Plaintiff Domeneque Taylor's motion to proceed *in forma pauperis* is granted. She reports living on disability income. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). Taylor asserts that, she was in the custody of the Little Rock Police Department on October 19, 2020, when she was brought to UAMS to have a rape kit performed. (Doc. 2). Taylor states that she neither consented to the examination and nor to the release of results of that examination to LRPD. Based on the inconclusive results of the examination, Taylor was criminally charged with filing a false police report. *State v. Taylor*, LRCR-18-5149. Taylor filed a form federal complaint alleging diversity jurisdiction and arguing defendants acted negligently in allowing the examination and violated HIPPA's confidentiality requirements.

Federal courts are courts of limited jurisdiction. This Court only has jurisdiction (meaning the authority) to hear certain kinds of cases. This is called subject-matter jurisdiction. Cases over which federal courts do not have subject-matter jurisdiction must be dismissed. FED.

R. CIV. P. 12(h)(3). There are two basic types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Neither exists here. So this case must be dismissed.

As a general matter, diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff's allegation of $5,000,000 in damages meets the amount in controversy requirement. However, there is no diversity of citizenship. All of the parties appear to be Arkansas residents or Arkansas businesses. Accordingly, there is no diversity jurisdiction on which this Court can hear this case.

Jurisdiction may still exist if Taylor has raised a federal question – that is, if the case arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Taylor raises a state law negligence claim but attempts to do so in relation to a potential HIPPA claim. However, HIPPA does not create a private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Although not specifically pleaded, reading Taylor's Complaint liberally, she does make possible First and Fourth Amendment claims under 42 U.S.C. § 1983. In order to succeed under a § 1983 claim, Taylor must allege (1) a violation of a constitutional right, and (2) that a person acting under the color of state law committed the violation. *See West v. Atkins*, 487 U.S. 42, 48 (2004). That said, defendants are immune from suit.

Absent an express statement, the Court assumes Taylor is suing Dr. Hohertz and the Doe Nurse in their official capacities. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). But a suit against them in their official capacity, is really a suit against their employer – UAMS. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). And, UAMS, is a state agency, which is immune from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Further, the sole remedy Taylor seeks is money damages, which are unavailable under

§ 1983. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Finally, in the absence of a federal question, the Court declines to exercise supplemental jurisdiction over Taylor's state law negligence claim. *See* 28 U.S.C. § 1367(c)(3).

The Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 1st day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE